UNITED STATES, Appellee,

v.

David RODRIGUEZ–AMY, U.S. Army, Appellant.

No. 45651.
SPCM 16451.

U.S. Court of Military Appeals.

Jan. 14, 1985.

For Appellant: *Captain Michael D. Graham* (argued); *Captain Warren G. Foote* and *Captain Richard W. Vitaris* (on brief); *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston,* and *Major Robert C. Rhodes.*

For Appellee: *Lieutenant Colonel Thomas M. Curtis* (argued); *Lieutenant Colonel John T. Edwards* and *Captain Arthur L. Passar* (on brief); *Lieutenant Colonel Adrian J. Gravelle.*

*Opinion*

FLETCHER, Judge:

We are called upon in this case to determine whether denial of oral argument on sentence appropriateness before the United States Army Court of Military Review denied this appellant his due-process rights. 16 M.J. 134. Pursuant to his pleas, appellant was convicted at a special court-martial on May 12, 1981, of two specifications of adultery in circumstances both service discrediting and prejudicial to good order and discipline. This was in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The sentence awarded by the military judge consisted of a bad-conduct discharge, reduction to E-1,

and 80 days' confinement at hard labor. This was approved by the convening authority, who suspended for one year confinement in excess of 22 days. We have examined the record of trial available to the intermediate court for its review of this case which culminated on March 23, 1982, and conclude, in light of federal precedent, that this record, which was accompanied by appellate defense briefs totaling fourteen pages, fully protected his due-process rights, even in the absence of oral argument before the United States Army Court of Military Review.

The verbatim record of appellant's trial proceedings consisted of 54 pages. Included were the presentencing proceedings of the trial reflecting appellant's service record. In extenuation and mitigation, appellant testified under oath about his enjoyment of the Army, his desire to remain in the service, and his family circumstances surrounding a three-day absence. Defense counsel made an argument on sentence covering four pages of the record. This record, with all accompanying exhibits, was provided to the Court of Military Review for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. Also available was a petition for clemency in the allied papers submitted to the convening authority which resulted in suspension of the unserved portion of adjudged confinement. A panel of the United States Army Court of Military Review declined unanimously to hear oral argument on the issue of sentence appropriateness after briefs on the issue had been submitted.

For many years under the Court of Military Review rules, oral argument was a matter of right. The new Rule 17a, Courts of Military Review Rules of Practice and Procedure (1980), however, states:

Oral argument may be heard in the discretion of the Court upon motion by either counsel or upon order by the Court after briefs have been filed in accordance with Rule 16. Motion for oral argument shall be made at the time pleadings are filed or within 5 days after the Government files its reply.

10 M.J. LXXXV.

We conclude that this permissive rule does not violate a fundamental right of appellant. A unique sentencing power is vested in the Courts of Military Review under Article 66. However, this Court does not review the exercise of this power except where errors of law occur. *United States v. Snelling*, 14 M.J. 267 (C.M.A. 1982). This conclusion does not disturb our decision in *United States v. Larneard*, 3 M.J. 76 (C.M.A. 1977). There we recognized that a military criminal appeal is a "creature ... solely of statutory origin," conferred neither by the Constitution nor the common law. *Id.* at 79. "However, once granted, the right of appeal must be attended with safeguards of constitutional due process," citing *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). *Griffin* stands for the proposition that appellate review, if granted by the legislature or court rules, cannot be granted in a way that invidiously discriminates. *Id.* at 17, 76 S.Ct. at 589.

An "equal-protection violation" is discrimination that is so unjustifiable as to violate due process. *United States v. Larner*, 1 M.J. 371, 375 (C.M.A. 1976). *See Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). This question of unjustifiable discrimination in violation of due process is not raised, however, unless the Government makes distinctions using "constitutionally suspect classifications" such as "race, religion, or national origin ... or unless there is an encroachment on fundamental constitutional rights like freedom of speech or ... assembly." *See United States v. Means*, 10 M.J. 162, 165 (C.M.A. 1981). We cannot conclude that such is the case with this procedural rule of the United States Army Court of Military Review.

Turning to Supreme Court precedent, it is important to delineate the holding in *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). There

the Supreme Court addressed the effect of denying a defense counsel in a criminal trial the opportunity to present closing argument to the factfinder. The Supreme Court held that "a *total* denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense" by an "overwhelming weight of authority." *Id.* at 859, 95 S.Ct. at 2554 (emphasis added; footnote omitted). As to the specific question in this case, the majority observed, in footnote 13:

> We deal in this case only with final argument or summation at the conclusion of the evidence in a criminal trial. Nothing said in this opinion is to be understood as implying the existence of a constitutional right to oral argument at any other stage of the trial or appellate process.

*Id.* at 863, 95 S.Ct. at 2555. This, then, is no modification of the historical position taken by the Supreme Court in *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948), that "[o]ral argument on appeal is not an essential ingredient of due process and it may be circumscribed as to prisoners where reasonable necessity so dictates." *Id.* at 286, 68 S.Ct. at 1060.

To the degree that the review of this appellant's case by the United States Army Court of Military Review may be considered a *trial de novo*, we still conclude that no analogy to denial of oral argument at the trial level will hold. *See United States v. Crider*, 22 U.S.C.M.A. 108, 46 C.M.R. 108 (1973); *cf. United States v. Roberts*, 18 M.J. 192, 194 (C.M.A. 1984). In this case a verbatim transcript containing all that occurred during the course of this trial was presented to the intermediate court. Included therein was the argument on sentence made by defense counsel below. Furthermore, the intermediate court was presented defense appellate briefs, providing appellant a second opportunity to distill, summarize, and forceably present arguments regarding sentence appropriateness. Unlike *United States v. Hullum*, 15

M.J. 261 (C.M.A. 1983), this record and accompanying briefs did bring sufficient "facts to the attention of those with the authority to extenuate and mitigate." *Id.* at 270 (Fletcher, J., concurring). We conclude that under these facts, no denial of due process occurred when this three-judge panel denied appellant's request for oral argument.

The decision of the United States Army Court of Military Review is affirmed.

COX, Judge (concurring in the result).

I concur in the result reached by Judge Fletcher since I, too, agree that there is no constitutional or statutory right to oral argument before a Court of Military Review. The authority to "prescribe uniform rules of procedure for Courts of Military Review" lies in the Judge Advocates General. Article 66(f), Uniform Code of Military Justice, 10 U.S.C. § 866(f). That authority has been exercised in Rule 17*a*, Courts of Military Review Rules of Practice and Procedure (1980), which permits oral argument to "be heard in the discretion of the Court." However, my reading of the dissenting opinion convinces me that the power of the Courts of Military Review to deny requests for oral argument should be exercised sparingly in the interest of preserving the appearance and perception of fairness and justice in the military justice system.

EVERETT, Chief Judge (dissenting):

I would reverse the decision of the Court of Military Review because its denial of oral argument in this case did not comply with its own rules or with Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866.

I

The Uniform Code of Military Justice, as first enacted, provided for appellate review of courts-martial by boards of review and directed the following: [1]

> The Judge Advocates General of the armed forces shall prescribe uniform

---

1. Article 66(f), 10 U.S.C. § 866(f).

rules of procedure for proceedings in and before boards of review and shall meet periodically to formulate policies and procedure in regard to review of court-martial cases in the offices of the Judge Advocates General and by the boards of review.

The Uniform Rules that were first adopted became effective on May 31, 1951, when the Uniform Code took effect, and dealt with oral arguments in this manner:[2]

*Oral arguments.*—Cases where the parties are not represented by counsel will be considered as submitted without oral argument. All other cases will be set for argument unless, upon request of counsel, a board permits a case to be submitted without argument. The accused does not have a right to be present at the hearing before the board of review.

New Uniform Rules of Procedure for Proceedings In And Before Boards of Review took effect on February 28, 1961; but oral arguments continued to be treated as before. Rule 17*a* of these Rules provided:

All cases in which the parties are represented by counsel will be set for argument unless, upon request of counsel, a board permits a case to be submitted without argument.

37 C.M.R. XX.

The Military Justice Act of 1968, Pub. L.No. 90–632, 82 Stat. 1335, replaced Boards of Review with Courts of Military Review and modified Article 66(f) of the Code to read:

The Judge Advocates General shall prescribe uniform rules of procedure for Courts of Military Review and shall meet periodically to formulate policies and procedure in regard to review of court-mar-

tial cases in the office of the Judge Advocates General and by Courts of Military Review.

Rules of Practice and Procedure for these courts took effect on August 1, 1969—the effective date of the 1968 legislation. Rule 17*a* of said Rules provided:

Oral arguments shall be heard after briefs have been filed in accordance with Rule 16. A case may be submitted without oral arguments with permission of the Court.

40 C.M.R. XXXVII.

Effective February 3, 1981, new Rules were promulgated for the Courts of Military Review; and Rule 17*a* was modified to read:

*a. Motion for Argument.* Oral argument may be heard *in the discretion of the Court upon motion by either counsel* or upon order by the Court after briefs have been filed in accordance with Rule 16. Motion for oral argument shall be made at the time pleadings are filed or within 5 days after the Government files its reply.

10 M.J. LXXXV (emphasis added).

As a result of this change, oral argument now takes place only after a determination by the court that such argument should be heard. On the other hand, for three decades before 1981, oral argument was heard "unless, upon request of counsel," the case was "submitted without argument." Neither appellate counsel nor this Court has been able to find any documents which would reveal why this change was made; any such documents may have been lost or destroyed.

Prior to 1981 oral argument was waived in a high percentage of cases;[3] and no

---

**2.** Rule IX A, Uniform Rules of Procedure For Proceedings In And Before Boards of Review (May 31, 1951), 16 Fed.Reg. 4433 (May 12, 1951).

**3.** Apparently, the United States Army Court of Military Review has not maintained statistics on

the number of cases in which oral argument takes place. However, according to a "Defense Appellate Division Statistical Summary," the average number of monthly oral arguments before the Army Court in recent years has been:

suggestion has been offered that the Rule change was made because the Courts of Military Review were swamped with oral arguments. However, the change did produce savings of time and effort: Under the prior practice, waivers of oral argument required action by counsel and the Court of Military Review, whereas now waiver is automatic—that is, affirmative action is required only when oral argument is requested by counsel or ordered by the court. Inasmuch as oral argument is waived in a substantial majority of the cases, *see United States v. Willis*, 13 M.J. 93, 95 n. 5 (C.M.A. 1982) (Everett, C.J., dissenting from denial of petition for review), the change in the Rule has reduced paperwork.

Because there is no indication that excessive oral argument took place prior to 1981, little basis exists for inferring that the revision of Rule 17a was intended to curtail the amount of oral argument before the Courts of Military Review. Nevertheless, some panels have construed the present language of the Rule as a grant of authority to deny oral argument even when a timely request for argument has been made by counsel. The panel which denied oral argument in appellant's case obviously took this position. On the other hand, other panels apparently have allowed oral argument whenever counsel requested it.

The denial of oral argument is based on the current language of Rule 17a that "[o]ral argument may be heard in the discretion of the Court." However, in view of the history of the Rule, I consider this

| Year | Average Monthly Oral Arguments |
|---|---|
| 1977 | 9 |
| 1978 | 11 |
| 1979 | 7 |
| 1980 | 8 |
| 1981 | 7 |
| 1982 | 7 |
| 1983 | 8 |
| 1984 (through November) | 9 |

4. Of course, I am excluding those courts where a trial *de novo* is granted in the event of an appeal. *See, e.g., Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed. 2d 584 (1972).

language to refer primarily to the timeliness of a request for oral argument and not to confer power on a Court of Military Review panel to deny oral argument simply because it believes that a case can be disposed of more expeditiously without argument.

To construe narrowly the discretion which Rule 17a confers on the Courts of Military Review seems consistent with their powers to find facts, evaluate "the credibility of witnesses, and determine" an appropriate sentence. Article 66(c). Those powers—which make the Courts of Military Review unique among appellate tribunals of the United States [1]—are akin to the powers of trial courts. In the exercise of such powers, oral argument may be especially important—so important that, under some circumstances, it is even constitutionally required. *See Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). Thus, the availability of oral argument should not be drastically curtailed unless the intent of the Rules to permit this curtailment has been clearly demonstrated. Since that demonstration is lacking, Rule 17a should not be construed or applied to permit the denial of timely requests for oral argument.

Even if the revision of Rule 17a in 1981 was intended to grant a broader substantive discretion in denying oral argument, the Rule in its present form is ineffective for this purpose. Fed.R.App.P. 34 provides that oral argument will be allowed unless certain standards are met.[5] *Cf.* Standard

5. Rule 34(a) states:
   *In General; Local Rule.* Oral argument shall be allowed in all cases unless pursuant to local rule a panel of three judges, after examination of the briefs and record, shall be unanimously of the opinion that oral argument is not needed. Any such local rule shall provide any party with an opportunity to file a statement setting forth the reasons why, in his opinion, oral argument should be heard. A general statement of the criteria employed in the administration of such local rule shall be published in or with the rule and such criteria shall conform substantially to the following minimum standard:
   Oral argument will be allowed unless
   (1) the appeal is frivolous; or

3.35, Standards Relating to Appellate Courts, ABA Commission on Standards of Judicial Administration (Tentative Draft, 1976). While these standards are applied with greater rigor in some courts of appeal than others,[6] there are *some* standards to guide the appellate court's discretion. On the other hand, absent any standards, a situation arises like that which seems to have existed at the Army Court of Military Review when this case was being considered. By chance, appellant's case was considered by a panel which on various occasions has denied requests for oral argument. Had the case been considered by a different panel, oral argument would have been allowed without hesitation.

Appellate defense counsel claim that appellant is the victim of discrimination as compared to other accused persons who are similarly situated and that this discrimination has deprived him of equal protection of the laws.[7] Be that as it may, I am convinced that Rule 17a was never intended to authorize Courts of Military Review to grant or deny oral argument without articulating any standards for their actions—standards which, in turn, would provide a basis for this Court to review a denial. Without impugning in any way the conscientiousness of the members of the Courts of Military Review, I cannot ignore the fact that, under the Government's interpretation of Rule 17a, a panel may deny a request for oral argument at the whim of a majority of the panel members; or grants of oral argument could be made to hinge on the flip of a coin or the roll of dice. Indeed, appellant was apparently the victim of just such a chance outcome, since the denial of his request for oral argument resulted from a random selection that placed his case before this particular panel. In view of well-established judicial abhor-

rence for standardless grants of discretion, I am convinced that Rule 17a should not be construed to countenance such a grant and that, if it is so construed, the grant is invalid.

## II

If I assume arguendo that Rule 17a is intended to grant standardless discretion, I am convinced that this grant violates the Uniform Code. During oral argument government appellate counsel seemed to take the position that under Rule 17a in its present form, oral argument may be completely prohibited by a Court of Military Review or a panel thereof. In my view, this contention is at odds with the intent of the Uniform Code. When Congress created the Boards of Review in 1951 and entrusted them with unique powers of appellate review, it undoubtedly had certain minimal expectations as to what those Boards should do and how they should function. I believe that one of those expectations was that the Boards of Review would allow oral argument. Consistent with and evidencing such expectations, the Uniform Rules of Procedure for the Boards of Review always provided broad rights of oral argument.

When in 1969 Congress reconstituted the Boards of Review as Courts of Military Review and redesignated the members as appellate military judges, the purpose was to enhance the image of these tribunals and seek to assure that the members more fully appreciated their judicial responsibilities. Contrary to these high legislative expectations, elimination of oral argument removes an essential component from the judicial process; and, in view of the tradition of the common law, abolition of oral argument is at odds with the very term

(2) the dispositive issue or set of issues has been recently authoritatively decided; or

(3) the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

**6.** For example, it probably is easier to obtain oral argument in the United States Court of

Appeals for the District of Columbia than in the Second Circuit.

**7.** The fifth amendment's right to due process encompasses equal protection of the laws. *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

"court."[8] Indeed, this would be equally true if the Court of Military Appeals should seek to abolish oral argument.

Certainly there are cases in which an appellate court may dispense with oral argument. Indeed, Fed.R.App.P. 34(a) is designed to identify such cases. Whether that Rule's limitations on oral argument are consistent with the factfinding and sentence-appropriateness powers of a Court of Military Review might be argued. However, when the Courts of Military Review can grant or deny a request for oral argument without announcing any standards and without any consistency among panels, I perceive that these bodies have ceased to function as "courts" within the intent of Article 66.

Certainly Congress did not wish for these bodies to waste their time needlessly in hearing protracted oral argument; and time limits are a feature of appellate argument in the courts of the United States.[9] However, to allow a complete elimination of oral argument is contrary to legislative intent. Moreover, if the Code is not construed in this way, constitutional issues arise like those discussed by Judge Fletcher; and a statute should be interpreted to avoid such issues.

## III

The Government argues that even if appellant should have been allowed the opportunity for oral argument, this Court need take no remedial action because, under no imaginable circumstances, could the Court of Military Review have reached a different result in its affirmance. Without involving myself in a discussion of the record of trial, I register my disagreement with the Government's position in this regard. While it is unlikely that the Court of Military Review would have reached a different result despite the oratorical flourishes of appellant's counsel, I do not perceive that this result was preordained. Furthermore, in view of the relative ease of the remedy here—remand for reargument and further consideration—as compared to the remedy of a rehearing at the trial level,[10] I would have no qualms about ordering such a remand.

8. The appellate courts of Great Britain still rely almost exclusively on oral argument, rather than on written briefs.

9. The Courts of Military Review Rules of Practice and Procedure authorize time limits on oral arguments. *See* Rule 17c, which reads:
   No more than 30 minutes for each side shall be allowed for oral argument unless the time is extended by leave of Court.

I do not interpret this Rule as establishing a floor of 30 minutes but would assume that oral argument can be restricted to a shorter time period in appropriate cases.

10. *See United States v. Hullum*, 15 M.J. 261, 268 (C.M.A. 1983).