**UNITED STATES, Appellee,**

v.

**Dale L. AUGUST, Gunner's Mate (Missiles) Chief U.S. Navy, Appellant.**

No. 50451.

NMCM 84–0874.

U.S. Court of Military Appeals.

Feb. 24, 1986.

For Appellant: *Commander David C. Larson, JAGC, USN* and *Lieutenant Louis F. Sadler, JAGC, USNR* (on petition).

For Appellee: *Captain W. J. Hughes, JAGC, USN* and *Lieutenant William C. Little, Jr., JAGC, USN* (on petition).

*Opinion of the Court*

COX, Judge:

The appellant was tried by general court-martial, military judge alone, for two specifications under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (committing a lewd act and an indecent assault on his stepdaughter). He was found not guilty of the charged offenses, but guilty of one specification of assault consummated by a battery on a child under 16 years of age. The military judge sentenced him to confinement at hard labor for 10 months, forfeiture of $100.00 pay per month for 10 months, reduction to the lowest enlisted grade, and a bad-conduct discharge. The sentence was approved by the convening authority, and the findings and sentence were affirmed by the Court of Military Review.

We granted appellant's petition for grant of review to consider the following issues:

I

WHETHER THE APPELLANT WAS IMPROPERLY AND PREJUDICIALLY DENIED THE OPPORTUNITY TO PRESENT ORAL ARGUMENT BEFORE THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW.

II

WHETHER THE MILITARY JUDGE ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL RIGHTS WHEN, OVER DEFENSE OBJECTION, HE PERMITTED THE

GOVERNMENT TO PRESENT THE TESTIMONY OF MR. MALO.

Finding no error prejudicial to appellant's substantial rights, we affirm the decision of the Court of Military Review.

## I

▮ We have determined that the Courts of Military Review may set their own rules regarding oral argument and need not grant hearings in all cases. *United States v. Rodriguez-Amy,* 19 M.J. 177 (C.M.A. 1985); *see also United States v. Moore,* 20 M.J. 382 (C.M.A.1985). But we continue to urge the Courts of Military Review to exercise liberality in honoring requests for oral argument. The first granted issue is resolved against appellant.

## II

▮ As noted above, appellant was charged with sexually abusing his stepdaughter. During its case-in-rebuttal, the Government sought to introduce the testimony of Robert Malo, who identified himself as a counsellor in the United States Navy's Family Advocacy Program. Over appellant's objection, Mr. Malo was permitted to make statements about a hypothetical situation based on the facts of this case. He was also allowed to testify about information he had received at a conference "two weeks ago" regarding the profile of the "usual" sexual child abuser.[1] Needless to say, appellant fit the profile as to rank, duty performance, and time in service.[2] For the reasons stated below, we believe

that the military judge erred in admitting this latter testimony.

Mil.R.Evid. 401, Manual for Courts-Martial, United States, 1969 (Revised edition), makes relevant that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, this rule is circumscribed by Mil.R.Evid. 403, which provides that the evidence, even if relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Finally, Mil.R.Evid. 404(a) excludes evidence of character traits to prove that an accused acted in conformity therewith on a particular occasion.

We are not clear as to the purpose for which this evidence was offered.[3] If the Government's purpose in introducing this evidence was to show that it was more likely than not that appellant sexually abused the victim, the admission of the above-testimony runs afoul of the rule regarding character evidence. On the other hand, the Government now argues that the testimony was introduced to rebut the evidence of accused's good character which was introduced by the defense. The Government's theory is that evidence of good character, which implies both credibility and the lessened likelihood that the accused committed the alleged criminal acts, would be rebutted by Mr. Malo's testimony that the profile of the family child abuser included the trait of good duty per-

---

1. Mr. Malo described the profile as fitting a person who "is E–6 and above, has about fifteen years or more in and the most typical comment from the commanding officer is 'I can't believe that. That's one of my best men.'" Appellant was serving in pay grade E–7, with about 14 years of service. His service record reflects unblemished performance and excellent markings in his technical field and that he was well-regarded by his command.

2. Additionally, as appellant argues, the profile not only fit him but countless other good and moral Naval personnel as well. Given this lack of specificity, the "profile" of a child abuser would be of marginal relevance and could not have been introduced during the case-in-chief

because of its obvious prejudicial effect under Mil.R.Evid. 403.

3. We recognize that the Supreme Court has sanctioned the use of profiles to satisfy the fourth amendment requirement of reasonableness for investigatory stops in certain narrow situations. *See United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). In addition, we have approved the use of testimony regarding certain syndromes displayed by victims in sex-offense prosecutions when they are based upon objective criteria and admitted for the purpose of bolstering the credibility of the victim. *United States v. Snipes,* 18 M.J. 172 (C.M.A.1984); *United States v. Moore,* 15 M.J. 354 (C.M.A.1983).

formance. On this basis, they argue, such evidence would be admissible if offered by the Government in rebuttal to specific testimony of the accused's good military character. In a case before members, the military judge would have to give proper limiting instructions before receiving such testimony; here, the military judge may be presumed to have considered such testimony in the proper limited perspective.[4] *United States v. Montgomery,* 20 U.S.C. M.A. 35, 42 C.M.R. 227 (1970). This testimony, however, is still of only marginal admissibility because:

1. Mr. Malo was not qualified as an expert in the field of child abuse/molestation. Mil.R.Evid. 702.

2. Mr. Malo's source for this profile information was a "conference" he had attended a short time before the trial. It is impossible to determine from reviewing the record the nature of the conference or the specific source of the information.

3. No evidence was offered to establish that the "abuser profile" described by Mr. Malo was "reasonably relied upon by" psychologists generally, or for that matter, by any significant segment of that discipline to determine if a particular person was an abuser. Mil.R.Evid. 703; *see also* S. Saltzburg, L. Schinasi, D. Schlueter, *Military Rules of Evidence Manual* 327–28 (1981). The legal predicate for the receipt of such "expert testimony" is lacking here. The witness should not have been allowed to make such statements with the record in that posture.

While the military judge erred in admitting Mr. Malo's testimony, it does not appear that appellant was harmed as a result of this action. It is clear from his findings that the military judge concluded that appellant did not commit the act of which he was convicted with the intent to gratify his lust. Therefore, he must have given little, if any, weight to this evidence in reaching his verdict. Consequently, appellant has not demonstrated that his rights were substantially prejudiced by the admission of Mr. Malo's testimony. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

The decision of the United States Navy Marine-Corps Court of Military Review is affirmed.

EVERETT, Chief Judge (concurring):

As I explained in my separate opinions in *United States v. Snipes,* 18 M.J. 172, 180 (C.M.A.1984), and *United States v. Moore,* 15 M.J. 354 (C.M.A.1983), I have a good deal of difficulty with the use of "expert testimony" in the area of profiles and syndromes because I am not convinced that such testimony truly is of much use to the factfinder. *See* Mil.R.Evid. 401. When such testimony does offer some probative value, however, the scope and use of the evidence must be carefully limited.

Here, this particular "profile" is so broad and general that, indeed, I can think of no use to which it could be put in a trial in which it would be probative. Even if, by some stretch of thought, this profile might be of some marginal value, I agree with Judge Cox that, certainly, such "value is substantially outweighed by the danger of unfair prejudice." *See* Mil.R.Evid. 403.

4. All trial participants should take care to insure that proper limits are placed on such evidence; that it is clear to the trier(s) of fact that the evidence goes to credibility rather than to the ultimate issue of guilt. Of course, in cases of this sort where there is often a "one-on-one" situation, anything bolstering the credibility of one party inherently attacks the credibility of the other and by implication leads to a resolution of the ultimate question. Possible prejudice can be averted by recognizing the limited purpose of such evidence.