UNITED STATES, Appellee,

v.

Specialist Four Terry W. EVANS, 304–
66–3497, United States Army,
Appellant.

ACMR CM 447204.

U.S. Army Court of Military Review.

20 Nov. 1987.

For Appellant: Captain Jon W. Stentz,
JAGC.

For Appellee: Major Byron J. Braun,
JAGC.

Before DeFORD, KANE, and
SMITH, Appellate Military Judges.

OPINION OF THE COURT ON MOTION
FOR ORAL ARGUMENT *PRO SE*

PER CURIAM:

Appellant has requested that this court hear oral argument in his case. He has further requested that he be permitted personally to present oral argument.

Appellant was convicted of rape, forcible sodomy, and aggravated assault in violation of Articles 120, 125, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 928 (1982), respectively. His adjudged sentence to a dishonorable discharge, confinement for life, forfeiture of all pay and allowances, and reduction to the grade of Private E–1 was approved by the convening authority. His case was previously reviewed by this court. *United States v. Evans,* 23 M.J. 665 (A.C.M.R. 1986). The case is again before this court, on remand from the Court of Military Appeals, *United States v. Evans,* 25 M.J. 210 (C.M.A.1987), following a government request for remand based on issues raised at the Court of Military Appeals which were not previously raised before this court. Because of the implications of the request for *pro se* argument, we have chosen to specify, in some detail, our decision on the motion. For the reasons stated, appellant's request to personally argue his case is denied. However, appellate defense counsel, if they desire, may request oral argument.

The Court of Military Appeals has recognized the importance of appellate oral argument. *United States v. Rodriguez–Amy,* 19 M.J. 177 (C.M.A.1985). Oral argument provides this court an efficient forum where appellate issues may be distilled and clarified. It has long been held, however, that a criminal defendant has no due process right to be present at appellate argument. *Schwab v. Berggren,* 143 U.S. 442, 448, 12 S.Ct. 525, 527, 36 L.Ed. 218 (1892).

**700**

From that proposition has grown the position that a criminal defendant has no absolute right to argue his *own* appeal. *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1059, 92 L.Ed. 1356 (1948); *see also Faretta v. California*, 422 U.S. 806, 816, 95 S.Ct. 2525, 2531, 45 L.Ed.2d 562 (1975). This is not to say appellate argument is deemed inconsequential and may be disregarded. In fact, it is a rare occurrence indeed when oral argument is not permitted. It is clear, however, that whether argument is heard is usually within the sound discretion of the appellate court.

▆ We have been unable to find military cases which address the issue of whether an appellant, confined and serving a sentence of confinement for life, may appear and argue his appeal. However, in exercising our discretion we have taken particular note of certain relevant factors gleaned from *Price v. Johnston*. Such considerations include: what is in the best interests of both appellant and the government; what are appellant's true motives; is appellant capable of conducting an intelligent argument; and, can his presence be secured without undue inconvenience. *Price v. Johnston*, 334 U.S. at 284–85, 68 S.Ct. at 1059–60. If "any of those factors" are found to be contrary to appellant's appearance, then the court may well decline to order that the appellant be produced. *Price v. Johnston*, 334 U.S. at 285, 68 S.Ct. at 1059. Also, and of particular importance here, the *Price* Court recognized that lawful incarceration brings about the necessary limitation of many privileges and rights. One such right, oral argument on appeal, "may be circumscribed as to prisoners where reasonable necessity so dictates." *Price v. Johnston*, 334 U.S. at 286, 68 S.Ct. at 1060.

▆ We are convinced securing appellant's presence at appellate argument would cause an unreasonable inconvenience to the government: appellant's presence is simply not necessary. Additionally, although appellant has proffered several *pro se* pleadings, to include many fact-based allegations, we believe many of the errors asserted will require that a trained legal professional address the issues. *United States v. Gillis*, 773 F.2d 549, 560 (4th Cir.1985). Often one so tied to the facts can not distance himself from the affray to properly address complicated appellate issues. Finally, appellant has at his disposal appellate attorneys who have developed specific skills and expertise in the area of appellate practice and military criminal law. Defense appellate attorneys can ensure appellant will be afforded an effective appeal. *Id. See e.g. Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821, *reh'g denied*, 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841 (1985).

For the reasons set forth above the appellant's motion for *pro se* argument is DENIED.