UNITED STATES, Appellee,

v.

Marvin D. CARTER, Specialist Four,
U.S. Army, Appellant.

No. 55,677.
CM 447485.

U.S. Court of Military Appeals.

Sept. 26, 1988.

For Appellant: *Captain Richard J. Anderson* (argued); *Colonel Brooks B. LaGrua, Lieutenant Colonel Paul J. Luedtke, Major Dale K. Marvin* (on brief); *Colonel John T. Edwards, Captain Wendell A. Hollis, Captain James E. O'Hare*

For Appellee: *Major Byron J. Braun* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Susan E. Fine* (on brief); *Captain Daniel N. Velling* (USAR).

*Opinion of the Court*

SULLIVAN, Judge:

On May 16, 1985, appellant was tried by a general court-martial at Fort Polk, Louisiana. Despite his pleas, he was found guilty of rape and entering the room of a female soldier contrary to a lawful regulation, in violation of Articles 120 and 92, Uniform Code of Military Justice, 10 USC §§ 920 and 892, respectively. He was sentenced to a bad-conduct discharge, confinement for 2 years, forfeiture of $300.00 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence as ad-

judged. The Court of Military Review affirmed. 22 M.J. 771 (1986).

This Court granted review of three issues raised by appellant and specified a fourth issue, as follows:

## I

WHETHER THE TEST OF *FRYE V. UNITED STATES*, 293 F. 1013 (D.C.CIR. 1923), GOVERNS THE ADMISSIBILITY OF RAPE TRAUMA SYNDROME EVIDENCE.

## II

WHETHER EVIDENCE OF RAPE TRAUMA SYNDROME MEETS THE TEST FOR ADMISSIBILITY OF *FRYE V. UNITED STATES*, 293 F. 1013 (D.C. CIR.1923).

## III

WHETHER EVIDENCE OF RAPE TRAUMA SYNDROME IS ADMISSIBLE BEFORE FINDINGS WHEN ONLY THE CONSENT ELEMENT OF THE OFFENSE OF RAPE IS AT ISSUE.

## IV (specified)

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ALLOWING A SPECIAL AGENT OF THE CRIMINAL INVESTIGATION COMMAND [CID] TO TESTIFY, WITHOUT DEFENSE OBJECTION, THAT THE VICTIM OF THE RAPE OFFENSE IN THE PRESENT CASE DISPLAYED POST–TRAUMATIC SYMPTOMS TYPICAL OF OTHER RAPE VICTIMS.

We resolve these questions in favor of the Government and affirm.

The facts giving rise to the granted issues are fully detailed in the opinion of the court below. 22 M.J. at 771–72. It suffices to say that appellant engaged in sexual intercourse with "Specialist D." She testified that she did not consent to this act and physically resisted his attack. He countered that she did consent. In rebuttal, the prosecution introduced testimony from Doctor Thompson, the division psychiatrist, concerning symptoms of rape trauma exhibited by the victim to show the improbability of her consent. Earlier in the trial, Agent Woodall of the CID also testified for the Government that the victim exhibited responses similar to those of typical rape victims.

 The first question raised in this case was substantially resolved by this Court in its recent decision in *United States v. Gipson*, 24 M.J. 246 (C.M.A.1987). The test of *Frye v. United States, supra*, does not exclusively govern admissibility of rape-trauma-syndrome evidence at a court-martial. *See United States v. Abeyta*, 25 M.J. 97, 98 (C.M.A.1987), *cert. denied*, — U.S. —, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988). Moreover, for the reasons stated in the opinion of the court below, we hold that the expert testimony presented in this case meets the requirements of Mil.R.Evid. 702 and 403, Manual for Courts-Martial, United States, 1984, as explained in *United States v. Gipson, supra* at 251–52. *See United States v. Tolppa*, 25 M.J. 352, 355 (C.M.A. 1987); *cf. United States v. Baldwin*, 25 M.J. 54 (C.M.A.1987). Finally, we hold that rape-trauma-syndrome evidence is probative within the meaning of Mil.R.Evid. 401 and 402 on the issue of consent by the victim, again for the reasons stated by the court below. *See* 22 M.J. at 775–76. *See generally* McCord, *The Admissibility of Expert Testimony Regarding Rape Trauma Syndrome in Rape Prosecutions*, 26 B.C.L.Rev. 1143, 1197 (1985); P. Giannelli and E. Imwinkelried, *Scientific Evidence* 304 (1986). In light of the above, the evidence of rape trauma syndrome was properly admitted by the judge.*

 Concerning the specified issue, we note that Agent Woodall testified that the

---

* Appellant only objected to this line of testimony from Dr. Thompson on the grounds that its introduction in rebuttal was untimely and that it contained hearsay statements from the victim. *See* Mil.R.Evid. 103(a)(1).

victim's post-offense behavior was consistent with the behavior of other rape victims. The purpose for which this testimony was offered is not explained in the record. However, Agent Woodall was not qualified as an expert in the field of rape trauma syndrome, and it was error to permit him to proffer an opinion in this regard on the issue of consent. *See* Mil.R.Evid. 702. We agree with the holding of the court below that the proffer of such evidence for this purpose must be "presented by a properly qualified expert." 22 M.J. at 776. *See generally United States v. August,* 21 M.J. 363, 365 (C.M.A.1986).

In any event, we note that appellant did not object to this line of testimony from Agent Woodall when it was introduced at trial. Mil.R.Evid. 103(a)(1). Moreover, Dr. Thompson, who was a qualified psychiatric expert, later testified to the same end. As a result, we conclude that no prejudicial error occurred in admitting Agent Woodall's testimony. Art. 59(a), UCMJ, 10 USC § 859(a).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.