# UNITED STATES

v.

**Jerome L. SAVAGE, Jr., 220 64 3470, Dental Technician Second Class (E–5), U.S. Navy.**

**NMCM 88 4629.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 29 April 1988.
Decided 30 March 1990.

LT F.D. Firestone, JAGC, USNR, Appellate Defense Counsel.

Maj Rose M. Favors, USMC, Appellate Government Counsel.

Before ALBERTSON, Senior Judge and STRICKLAND and RUBENS, JJ.

RUBENS, Judge:

Contrary to his pleas, a general court-martial composed of officer and enlisted members convicted appellant of rape in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. The members acquitted appellant of sexual harassment of a female servicemember under Article 93, UCMJ, 10 U.S.C. § 893, and sentenced him to confinement for eleven years, forfeiture of all pay and allowances, reduction to E-1, and a dishonorable discharge. The convening authority approved the findings and the sentence but suspended confinement in excess of five years for the period of the confinement plus one additional year. We have examined the record of trial, the two assignments of error and the Government's response, and heard oral argument. The two assignments of error are: first, the evidence failed to prove beyond a reasonable doubt that appellant raped Mrs. Carol R; and second, the military judge erred in admitting the expert opinion testimony of Dr. Connie Best.

Proof Beyond a Reasonable Doubt

We are convinced beyond a reasonable doubt that appellant is guilty of the rape. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *see also United States v. Van Steenwyk*, 21 M.J. 795, 812 (N.M.C.M.R.1985) ("In evaluating the evidence, [it] must be considered as a whole but it need not be free of inconsistency or conflict.")

Expert Opinion Testimony

■ Dr. Best, a clinical psychologist, testified for the Government over strenuous objection that the victim, Mrs. R, suffered from Post Traumatic Stress Disorder (PTSD). Appellant argues that this evidence was improperly admitted because the issues to which this type of evidence is relevant were not raised. Appellant contends that PTSD evidence is admissible only for the limited purposes of rebutting a defense of consent or rebutting a defense which otherwise suggests that the victim's behavior was inconsistent with that expected of a rape victim (*i.e.*, absence of fresh complaint and victim's unnatural calmness in recounting the incident). Appellant cites *United States v. Carter*, 26 M.J. 428 (C.M.A.1988) and *United States v. Cox*, 23 M.J. 808 (N.M.C.M.R.1986), for authority that PTSD is admissible only for these limited purposes.

■ We begin our analysis by noting that the diagnostic evaluation of PTSD,

which in rape cases is often referred to as Rape Trauma Syndrome (RTS),[1] was not developed by mental health professionals to determine if a rape occurred. Unlike fingerprints, blood tests, and ballistic tests, which were developed to assist in the investigation and detection of crime, this diagnostic evaluation was designed as a therapeutic tool to assist rape counselors in identifying, predicting, and treating emotional problems experienced by patients. *People v. Hampton*, 746 P.2d 947 (Colo.1987) (Erickson, J., dissenting) (majority holding that RTS was admissible to corroborate victim's testimony, where testimony was not used to establish that crime had been committed, and defense counsel indicated that victim's delay in reporting assault would be subject of serious attack). Therefore, we must ensure that PTSD diagnostic evaluation evidence is limited to the purposes that are consistent with its scientific principles.

In *United States v. Snipes*, 18 M.J. 172 (C.M.A.1984), Senior Judge Cook examined the expert opinion rules contained in the 700 series of the Military Rules of Evidence. When rules 701 through 705 are read in combination, he concluded that

> [it] is inescapable that they are intended to broaden the admissibility of expert testimony, and that the essential limiting parameter is whether the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue."

*Snipes*, at 178. Accordingly, once the proponent of the expert testimony has satisfied the threshold requirements that the expert witness is qualified to testify to matters that will assist the trier of fact, the expert testimony is admissible unless the expert expresses an *opinion on a prohibited matter*. Chief Judge Everett stated the problem succinctly:

I am concerned about the hazard that an expert witness' testimony may be allowed to *outrun* the scope of his expertise. Experts may testify that a victim's behavior—however unusual it might at first appear—actually is typical of those persons who have undergone a trauma like that which the victim claims to have endured. On the other hand, I have grave reservations about the admissibility of an expert's opinion that the victim's behavior after the alleged trauma demonstrates that [her] account of the trauma must be true. Certainly, I would not permit an expert to testify—as did one government witness in this case—that he believes the witness' account of the trauma allegedly experienced.

*Snipes*, at 180 (Everett, C.J., concurring) (emphasis added).

We conclude from this authority that PTSD evidence is not limited to the specific, enumerated purposes alleged by appellant. Rather, an expert on PTSD may testify as to the psychological or emotional trauma that an alleged rape victim exhibits and whether the exhibited trauma is consistent with the history given by the victim just as a medical doctor may testify that certain physical trauma are consistent with the history given by an alleged rape victim. Thus, the cases cited by appellant are not an exhaustive list of the permissible uses of PTSD testimony but rather are illustrative of circumstances in which PTSD testimony has been admitted. Accordingly, once the requirements of Mil.R.Evid. 403 and 701 through 704 have been satisfied, the emphasis shifts to ensuring that the expert witness' testimony does not outrun his expertise and that he does not offer an opinion which strays into the prohibited uses of PTSD testimony.

The prohibited uses of PTSD testimony are generally grouped into two areas: first,

---

1. Dr. Best testified that PTSD is the proper diagnostic evaluation rather than RTS because RTS is not a type or subspecies of PTSD or a diagnostic evaluation; rather, RTS is merely a term that has been used in the literature. We note that the term RTS first appeared in a study conducted in 1974 by a psychiatric nurse and a social scientist who examined women who sought treatment claiming to have been raped. Burges

and Holmstrom, *Rape Trauma Syndrome,* 131 Am.J.Psychiatry 981 (1974). PTSD first acquired general scientific acceptance in 1980 when it was listed as a psychiatric disorder in the *American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders* (3d ed. 1980). In any event, the Court of Military Appeals upheld the admission of RTS evidence after a proper foundation in *Carter.*

testimony by the expert that the alleged victim of the rape is telling the truth concerning the rape; and second, testimony that the expert believes that the rape actually occurred. *United States v. Cox,* 23 M.J. 808 (N.M.C.M.R.1986); *State v. Taylor,* 663 S.W.2d 235 (Mo.1984);[2] *People v. Bledsoe,* 36 Cal.3d 236, 681 P.2d 291, 203 Cal.Rptr. 450 (1984). *See generally* McCord, *The Admissibility of Expert Testimony Regarding Rape Trauma Syndrome In Rape Prosecutions,* 26 B.C.L. Rev. 1143 (1985). Courts have consistently held that opinions by experts that delve into these prohibited uses of PTSD testimony improperly invade the province of the members and, furthermore, only tend to confuse the members because the information adds nothing to the resolution of the issues in controversy. *Snipes,* at 179.

■ In this case, the military judge[3] carefully instructed Dr. Best on the prohibited areas of PTSD testimony before she testified:

> Doctor, I know that counsel have explained to you the limitations, if you would, that I'm required to put on your testimony, and I am sure you understand how powerful your testimony could be to members. There are a lot of facts which are in great dispute and, of course, the members will be looking for any thing to reconcile those, and, therefore, I'm going to respectfully ask you to avoid opining that, in fact, Mrs. [R] was a victim of rape. I believe it would be consistent with your testimony for you to say that she was a victim of trauma in your opinion, and that it could have been rape. But, I'm going to respectfully ask you to not specifically identify the trauma being rape.

Dr. Best testified during the ensuing examination that Mrs. R suffered from PTSD as a result of trauma experienced within the previous five years, that the symptoms exhibited by Mrs. R are consistent with the symptoms exhibited by other rape victims, and that rape is a type of trauma that can cause PTSD. The expert witness did not, however, express the opinion that Mrs. R suffered from RTS, that she suffered from PTSD as a result of being raped, or that she was telling the truth when she testified that she had been raped. The trial defense counsel was provided ample opportunity to discredit or impeach the expert's testimony on cross-examination, and the defense could have presented its own expert on PTSD but did not. Furthermore, the military judge properly instructed the members on the limited purpose for which they could use the expert testimony of Dr. Best, *i.e.,* that they may not infer from the expert testimony that Mrs. R was raped.

Accordingly, we conclude that Dr. Best was a qualified expert in PTSD, that she testified only on matters to which she was legally permitted to express an opinion, that she did not express an opinion that exceeded her expertise or that was otherwise inadmissible, and that the military judge gave appropriate limiting instructions. Therefore, we conclude that the military judge did not err in admitting the expert opinion testimony of Dr. Best.

Accordingly, the findings and sentence are affirmed.

Senior Judge ALBERTSON and Judge STRICKLAND concur.

---

**2.** The Court in *Taylor* also noted that RTS is not a scientific test which can accurately and reliably determine that a rape occurred. At best, RTS merely describes the characteristic symptoms that may follow a psychologically traumatic event with some frequency, but it makes no pretense of describing every single case of rape.

**3.** The Court of Military Appeals has also commended this military judge for his handling of similar child sexual abuse evidence in *United v. Tolppa,* 25 M.J. 352 (C.M.A.1987) (the military judge assured that the expert never expressed a personal belief that the child victim was telling the truth and instructed the court members about drawing any improper inferences).