**UNITED STATES**

**v.**

**Howard R. DORSCH, 217 92 7764, Gunner's Mate (Missiles) Third Class (E–4), U.S. Navy.**

**NMCM 91 1236.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 23 Jan. 1991.

Decided 20 March 1992.

LCDR Richard D. Zeigler, JAGC, USNR, Appellate Defense Counsel.

LCDR Lawrence W. Muschamp, JAGC, USN, Appellate Government Counsel.

Before STRICKLAND, Senior Judge, and ORR and MOLLISON, Judges.

ORR, Judge:

Contrary to his pleas, the appellant was convicted by a panel of officer members of committing an indecent assault upon a child under 16 years of age under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced to confinement for 30 months, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. Before this Court, he submits eight assignments of error in the conduct of his trial.[1]

■ The first assignment of error concerns the appellant's attempt to introduce the testimony of a psychiatrist that the appellant did not fit the psychological profile of a typical child sexual abuser. In his appeal, the appellant argues that whether or not the appellant fit the profile was evidence of a character trait of the appellant. While we have some doubt whether a particular person matches a certain psychological profile is actually a trait of character, the appellant sought to use the testimony to argue the probability that because the appellant did not fit the profile he was less likely to have committed the indecent assault. Record at 103. The psychiatrist acknowledged, however, that both fitting the profile did not mean that such a person had committed child sexual abuse and not fitting the profile did not exclude the possibility that such a person had committed child sexual abuse. Record at 103-104.

The Government filed a motion *in limine* to exclude the psychiatrist's profile testimony, and after hearing the appellant's attempt to lay a foundation for it, the military judge excluded this testimony. The military judge also stated, however, that he would permit the psychiatrist to testify concerning the existence of specific character traits other than the profile if the appellant could establish an appropriate foundation for the psychiatrist's testimony, but the appellant did not attempt to offer such evidence from the psychiatrist.

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Mil.R.Evid. 401. Although we also have some doubts concerning exactly what fitting or not fitting the profile is relevant to, the psychiatrist did indicate that, in his opinion, a person who fit the profile was more likely to commit child sexual abuse than someone who did not fit the profile. Record at 98. The witness also stated, however, that fitting the profile is not, itself, either a psychiatric diagnosis or part of any treatment but is simply used by him to arrive at an overall picture of the person. Record at 90, 97-98.

In describing the profile, the psychiatrist stated that the profile included the following factors or traits:

> [I]t's very common to find that people have been sexually abused themselves. It's common to find that they come from

---

1. I. THE MILITARY JUDGE ERRED BY GRANTING THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF APPELLANT'S EXPERT THAT APPELLANT DID NOT FIT THE CHILD SEX OFFENDER PROFILE.

II. THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S MOTION TO DISMISS FOR LACK OF SPEEDY PREFERRAL OF CHARGES.

III. THE EVIDENCE WAS NOT SUFFICIENT TO ESTABLISH APPELLANT'S GUILT BEYOND A REASONABLE DOUBT.

IV. THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF UNCHARGED MISCONDUCT.

V. THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS HIS STATEMENT. [Footnote omitted.]

VI. THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S MOTION TO APPOINT AN INVESTIGATIVE ASSISTANT TO PROVIDE A PSYCHO-SOCIAL HISTORY OF APPELLANT. [Footnote omitted.]

VII. THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S MOTION TO APPOINT AN INVESTIGATIVE ASSISTANT TO PRODUCE A PRESENTENCING INVESTIGATION. [Footnote omitted.]

VIII. THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S MOTION TO DISMISS FOR LACK OF EITHER SUBJECT MATTER OR PERSONAL JURISDICTION. [Footnote omitted.]

families where one or both of the family members were substance abusers. It's common to find that they, the offender, themselves, is a substance abuser. It's common that the abuser is antisocial, has poor relationships, is impulsive in terms of temper control, has a low self-esteem, and because of the low self-esteem has this conflict between autonomy and wanting to kind of have mastery and power and control over people. They very frequently objectify [sic] people. They—they're very frequently—have—have kind of a profile of being isolated and kind of being not very social in their interactions. They are people who when asked about something that they had done because of their antisocial traits, have no real remorse for anything that they have done, no caring about what they've done. It's not a comprehensive picture.

Record at 95.

No information was provided as to how many such indicators or traits a person must have before the person is considered to fit the profile. No information was provided as to what the psychiatrist meant by his statement that some traits or factors were "very common" or "common" in the profile. No information was provided whether the appellant demonstrated any or none of the indicators or traits mentioned.

Relevant evidence may still be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members...." Mil.R.Evid. 403. Although the profile at least partially described in the psychiatrist's testimony quoted above is more specific than that before the Court of Military Appeals in *United States v. August,* that Court noted: "Given this lack of specificity, the 'profile' of a child abuser would be of marginal relevance and could not have been introduced during the case-in-chief because of its obvious prejudicial effect under Mil.R.Evid. 403." 21 M.J. 363, 364 n. 2 (C.M.A.1986). Albeit *August* involved the Government's use of a profile and "due process might make the road [to admissibility] a tad wider on the defense's side ...," we find its

probative value no less confusing, misleading, or prejudicial. *United States v. Gipson,* 24 M.J. 246, 252 (C.M.A.1987).

In addition, the testimony of an expert may be admissible "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue...." Mil. R.Evid. 702. As Judge Cox stated in the majority opinion in *Gipson:*

> Deciding whether [expert] testimony will be helpful involves a balancing of "(1) the soundness and reliability of the process or technique used in generating the evidence, (2) the possibility that admitting the evidence would overwhelm, confuse, or mislead the jury, and (3) the proffered connection between the scientific research or test result to be presented, and particular disputed factual issues in the case."

24 M.J. at 251 (quoting *United States v. Downing,* 753 F.2d 1224, 1237 (3d Cir. 1985)).

Even if we assume for the purposes of this discussion that profile evidence is relevant and still admissible under Mil.R.Evid. 403, the fact in issue and on which this evidence was to be offered was whether or not the appellant committed a certain act on a certain date. We doubt that the psychiatrist is an expert in determining whether any particular event did or did not occur. It is one thing for a psychiatrist to testify as an expert about the existence or nonexistence of psychoses or mental disorders and another to either predict future events or determine past, actual events. Nevertheless, even if we assume a psychiatrist can be and this psychiatrist in particular was such an expert, we find that (1) there was an inadequate showing of the soundness and reliability of the profile to predict whether or not a certain event had actually occurred and (2) admitting such testimony would tend to confuse or mislead the members. Therefore, we find no error in the military judge's decision to exclude the psychiatrist's profile testimony.

■ As to the appellant's second assigned error, we find no "extensive delay"

in the 6 months that elapsed between the report of this offense to military authorities and the preferral of charges that might justify the due process claim asserted by the appellant, *United States v. McGraner*, 13 M.J. 408 (C.M.A.1982), and the right to a speedy trial arises only after charges are preferred, *id.*

We also find the evidence supports the appellant's conviction beyond a reasonable doubt. *United States v. Cole*, 31 M.J. 270 (C.M.A.1990); *United States v. Turner*, 25 M.J. 324 (C.M.A.1987). Whatever the Government's theory during the pretrial investigation as to how the offense was perpetrated, the appellant's corroborated admission to digitally penetrating the child's rectum is sufficient to support his conviction.

■ As to the appellant's fifth assigned error, to the extent the Naval Investigative Service agent who interrogated the appellant and received the appellant's admission may have induced that admission by discussing the range of options available to the appellant's commanding officer concerning the disposition of the allegations against the appellant, including a reference to Captain's Mast, or representing that the commanding officer was a reasonable person, we find nothing to indicate that there was any illegal or unlawful aspect to this advice or that the inducement overrode or impaired the appellant's freedom of will. *See United States v. Murphy*, 18 M.J. 220, 226–27 (C.M.A.1984); *United States v. Oakley*, 33 M.J. 27, 32 (C.M.A.1991). Consequently, we find the appellant's statement was made voluntarily.

The appellant's remaining assignments of error are equally without merit. We find no abuse of discretion in the military judge's resolution of any of those related issues.

Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge STRICKLAND and Judge MOLLISON, concur.