**UNITED STATES, Appellee,**

v.

**Casey E. ABEYTA, Specialist Four U.S. Army, Appellant.**

No. 55,592.

SPCM 21773.

U.S. Court of Military Appeals.

Sept. 25, 1987.

Certiorari Denied Jan. 19, 1988.

See 108 S.Ct. 752.

---

* Appellant's sentence to a bad-conduct discharge, confinement for 4 months, partial forfeitures, and reduction to E–1 was approved by the con-

For Appellant: *Colonel Brooks B. La Grua, Major Joel D. Miller, Captain Stewart C. Hudson, Captain David L. Carrier* (on petition).

For Appellee: *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Byron J. Braun, Major Thomas E. Booth (USAR)* (on petition).

*Opinion of the Court*

COX, Judge:

The issue in this case is whether the military judge erred in refusing to admit in evidence the results of an "exculpatory" defense polygraph examination. 24 M.J. 58. The trial, a special court-martial convened at Schweinfurt, Federal Republic of Germany, was by military judge alone. The single specification alleged wrongful distribution of hashish on or about January 31, 1985, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.*

The Government presented evidence that, after knowingly and intelligently waiving his rights to counsel and to remain silent, appellant executed a written confession to the effect that, "sometime during the end of Jan 85," he sold "some hash" for $150 to an individual known as "T." A military policeman, who's first name begins with "T," further testified that he bought hashish from appellant for $150 (three $50 bills) on January 31, 1985. The Government also introduced in evidence chain-of-custody documents, a lab report, and the purchased hashish that was not consumed in testing.

Appellant did not testify in his own defense. He attempted to present an alibi defense through other witnesses and to show that "T" may have referred to an individual named Tanner (who had been

vening authority and affirmed by the Court of Military Review in a short-form opinion.

"chaptered out" of the service, allegedly for failing a urinalysis test). Appellant also sought to introduce the conclusions of the polygrapher that he was truthful in denying that, "on the 31st of January 1985," he possessed or sold hashish, or that he "receive[d] three 50 dollar bills from someone."

The military judge refused to receive the polygrapher's testimony, applying the standard for admissibility first announced in *Frye v. United States*, 293 F. 1013 (D.C. Cir.1923) (proponent must establish that evidence is "of a type generally accepted in the scientific community"). In *United States v. Gipson*, 24 M.J. 246 (C.M.A.1987), a decision handed down long after this military judge made his ruling below, we rejected the *Frye* test as the "independent controlling standard of admissibility" of emerging scientific evidence. *Id.* at 251, *quoting United States v. Downing*, 753 F.2d 1224, 1237 (3d Cir.1985). Instead, the judge must determine if the evidence is relevant within the meaning of Mil.R.Evid. 401, Manual for Courts-Martial, United States, 1984; if it is helpful to the factfinder within the meaning of Mil.R.Evid. 702; and if its probative value is outweighed by collateral dangers, as outlined in Mil.R. Evid. 403. 24 M.J. at 251–52. Unlike *Gipson*, the judge here permitted the defense to call its expert as a witness in its attempt to lay a foundation for admissibility of the polygraph evidence.

Despite the different standard of admissibility, appellant suffered no prejudice, Art. 59(a), UCMJ, 10 U.S.C. § 859(a), because we also discussed in *Gipson* the permissible use for polygraph evidence. We concluded that

> [a]t best, the expert can opine whether the examinee was being truthful or deceptive in making a particular assertion *at the time of the polygraph exam.* It is then for the factfinder to decide whether to draw an inference regarding the truthfulness of the examinee's *trial* testimony.

24 M.J. at 252–53 (footnote and citation omitted). Without appellant's consistent testimony, the inference could not be drawn; thus, this polygrapher's testimony was not relevant.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in the result):

I concur in the result for the reasons stated in my dissent in *United States v. Gipson*, 24 M.J. 246, 255–56 (C.M.A.1987).