Lorraine H. MARS, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 93–3126.

United States Court of Appeals,
Seventh Circuit.

Argued April 26, 1994.

Decided June 15, 1994.

Michael K. Havrilesko (argued), Ellen B. Lynch, Havrilesko & Associates, Rockford, IL, for Lorraine H. Mars.

Eileen M. Marutzky, Asst. U.S. Atty., Kurt Lindland (argued), Office of U.S. Atty., Crim. Div., Chicago, IL, James T. Zuba, Asst. U.S. Atty., Rockford, IL, for U.S.

Before POSNER, Chief Judge, and ESCHBACH and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

■ The plaintiff in a suit under the Federal Tort Claims Act appeals, claiming that the damages that the magistrate judge awarded her in a bench trial ($22,416) were inadequate. The plaintiff was injured in a collision with a Postal Service vehicle, and she contended that as a result of the injury she incurred a severe injury to her neck. The government's expert witness, a physician, testified that the injury was in fact due to a preexisting neck disease which the accident had not aggravated. The magistrate judge agreed. The appeal asks us to review his finding *de novo,* on the ground that findings based upon expert testimony are not entitled to any of the deference that appellate courts accord other findings of fact. For this startling proposition the appellant cites our decision in *Cella v. United States,* 998 F.2d 418, 423 (7th Cir.1993), which indeed states that "we will review *de novo* the reliability of the scientific facts, data, and techniques utilized by [the expert medical witness] in deriving his opinion on causation."

Taken in isolation this language could well be thought to support the use that the appellant wants to make of it. But it is always dangerous to take a sentence out of context. The sentence from *Cella* appears at the end of a short paragraph that begins noncommittally with the observation that "some courts have suggested that where the appellate court is asked to review expert opinion derived from a particular scientific technique or based on specific scientific facts, *de novo* review is appropriate." *Id.* at 423. The reason is that since "the reliability of the scientific technique or process does not vary according to the circumstances of each case, it is inappropriate to view the question of reliability as a matter solely within the discretion of the trial judge." *Id.* We did not say that we agreed with this proposition—and in the immediately preceding paragraph had recited with approval the standard formula that the trial judge has broad discretion in deciding whether to admit or exclude expert evidence. But rather than deciding the question, we proceeded to apply the *de novo* standard and uphold the admission by the trial judge of the expert evidence in question

just as we would have done under the deferential standard. What is more, the entire issue in *Cella* as in the cases cited for the *de novo* standard was the *admissibility* of the evidence, not, as the appellant in our case would have it, the correctness of findings based upon the evidence once admitted. The issue was the relation between the trial and the appellate court in deciding the legal question whether particular evidence is admissible, not the factual issue whether a finding based upon that evidence is correct.

To the extent that the first sentence from *Cella* that we quoted might erroneously be interpreted to stand for the proposition that fact findings based on expert evidence are to be reviewed *de novo*, it is a mistaken dictum that we repudiate, as we are sure the panel that decided *Cella* would have done. To the extent that the sentence is more plausibly understood as limiting the district judge's discretion in ruling on the admissibility of expert evidence, its correct meaning requires consideration of the cases upon which the court drew in formulating it. They are *Daubert v. Merrell Dow Pharmaceuticals,* 951 F.2d 1128, 1130 (9th Cir.1991), vacated on other grounds, — U.S. —, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Williams,* 583 F.2d 1194, 1197–1201 (2d Cir. 1978), and *Reed v. State,* 283 Md. 374, 391 A.2d 364, 367 (1978). All three were cases in which the issue was the admissibility of a particular type of scientific evidence, such as, in the *Reed* case, voiceprints. All that the courts said was that since the reliability of an entire *class* of scientific evidence depends on considerations that transcend the individual case, the appellate court would feel free to consider the issue of reliability as one of general law applicable to all cases within its jurisdiction, as distinct from an issue within the discretionary power of the individual trial judge and hence bound to be applied differently in different cases. This is not an inevitable approach; we have for example decided to leave the issue of the admissibility of lie-detector evidence up to the individual trial judge, rather than formulate a circuit-wide rule. *United States v. Smith,* 869 F.2d 348, 353 (7th Cir.1989), and cases cited there. But it does not follow from that decision that such a rule would be improper.

 The issue that we have been discussing is important but it has nothing directly to do with the present case. The government expert's evidence was admissible and admitted, and we could reverse the finding based upon it only if the finding were clearly erroneous, which clearly it is not. This would be a case for sanctions for prosecuting a frivolous appeal, Fed.R.App.P. 38, were it not for the language of *Cella* on which the appellant incorrectly but perhaps understandably relied, but language that future litigants will have no excuse to misuse.

AFFIRMED.