UNITED STATES COURT OF APPEALS
**Filed 4/18/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

THOMAS LANE CHANEY,

      Defendant - Appellant.

No. 95-6229
(D. Ct. No. CR-95-18-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing defendant after a plea of guilty to one count of an information alleging that defendant embezzled funds from a financial institution, the deposits of which are insured by the FDIC. On appeal defendant Chaney alleges that the district court erred in relying on the results of a polygraph to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

impose restitution for losses beyond those charged in the single count in the information. Defendant further appeals on the ground that the district court erred in finding that defendant has the ability to pay the full restitution amount of $239,515.69. We affirm.

Defendant Chaney entered into a plea agreement with the United States under which he agreed to enter a plea of guilty and agreed in addition that the court could, if it chose to do so, impose restitution for losses beyond those charged in the single count. The amount charged in the single count of the information was $10,000. It is undisputed that the total amount of the actual loss was $239,515.69. Defendant also agreed to take a polygraph examination if such an examination was requested by the government prior to sentencing. A special agent of the FBI administered a polygraph test which was made available to the district court for use at sentencing. Defendant argues that the results of the polygraph examination should not have been relied upon by the district court because they are not admissible to establish truthfulness. Defendant misperceives the purposes for which the polygraph results were used. The district judge made clear, at the time that he decided to hear the polygraph testimony, that he would "give that testimony the use and the weight and value that I feel that is entitled to be given." Thus, the district judge clearly did not rely solely on the polygraph evidence to exercise his discretion with respect to the restitution amount. Instead, the district judge utilized the results of the polygraph examination, along with all of the other information before him at sentencing, to establish an appropriate amount of restitution.

We review the admission of the polygraph evidence for an abuse of discretion. It

is permissible for a district judge to consider information in sentencing that would be inadmissible for the purpose of determining guilt. United States v. Ruminer, 786, F.2d 381 (10th Cir. 1986). We cannot say that the district court abused its discretion when it took the results of the polygraph examination into account in establishing the amount of restitution for which the defendant would be responsible.

Defendant also appeals on the ground that the sentencing court erred in finding defendant has the ability to pay the full restitution amount. We review the amount of restitution ordered by a sentencing court for an abuse of discretion. United States v. Diamond, 969 F.2d 961 (10th Cir. 1992). Our review of the transcript of the sentencing hearing and the record in this matter convinces us that the district court properly considered the statutory factors listed in 18 U.S.C. § 3664(a) in establishing the appropriate amount of restitution. We cannot say that the district court clearly erred in establishing the amount of the restitution order. We have reviewed defendant's brief, the pleadings, the orders of the district court, and the entire record on appeal. Based upon our review of this record, we find no reversible error and **AFFIRM** the order of the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Deanell Reece Tacha
Circuit Judge
