UNITED STATES, Appellee

v.

John W. BERG, Master-at-Arms First Class, U.S. Navy, Appellant.

No. 62,139.
CMR No. 87 3466.

U.S. Court of Appeals for the Armed Forces.

Submitted Jan. 30, 1995.

Decided May 29, 1996.

For Appellant: *Lieutenant Commander Howard B. Goodman*, JAGC, USN, *Major R.K. Stutzel*, USMC, *Lieutenant James A. Douglas*, JAGC, USNR.

For Appellee: *Colonel J. Composto*, USMC and *Captain A. Diaz*, USMC.

PER CURIAM:

The issue before this Court is the correctness of the military judge's ruling excluding evidence of an arguably exculpatory polygraph examination. Appellant has twice been convicted of the unpremeditated murder of Petty Officer Heidi Habelt, his live-in girlfriend. Art. 118(2), Uniform Code of Military Justice, 10 USC § 918(2). Habelt died on February 23, 1986, in Mountain View, California, of a gunshot wound to the head. Appellant's sentence by the military judge to a dishonorable discharge, confinement for 24 years, total forfeitures, and reduction to E-1 was approved by the convening authority.

Initially, the local civilian authorities took charge of the investigation. Appellant, the only surviving witness to the incident, told the authorities that the gun went off while he was struggling with Habelt, trying to prevent her from taking her own life. The local authorities commissioned a polygrapher, Robert Shaheen, to test appellant and to ask him certain specific questions about the incident. As a result of the examination, Shaheen concluded that appellant was telling the truth in providing exculpatory responses to the questions asked.

Relying in large part upon Shaheen's opinion, the civilian authorities terminated their investigation and dismissed the civilian charges. The Naval authorities, however, continued their investigation and ultimately court-martialed appellant.

At appellant's original court-martial, the military judge concluded that polygraph tests lacked the "level of scientific reliability required by *Frye*" *v. United States*, 293 F. 1013 (D.C.Cir.1923) (the "general acceptance" test). Therefore, he denied appellant the opportunity to establish the relevance and admissibility of this particular examination. *See United States v. Berg*, 28 MJ 567, 569–70 (NMCMR 1989), *aff'd*, 30 MJ 195 (CMA 1990), *on recon.* 31 MJ 38 (CMA 1990). The original court-martial was tried prior to our decision in *United States v. Gipson*, 24 MJ 246 (CMA 1987), wherein we rejected the *Frye* test as the exclusive test.

On initial appeal, the Court of Military Review [1] set aside the findings and sentence on the basis of an instructional error not here germane. 28 MJ at 569. A rehearing was authorized. In addition, that court noted the intervention of the *Gipson* opinion and cautioned that appellant

> must now be allowed to attempt to lay a foundation for favorable polygraph evidence by presenting evidence on the competence of the examiner, the suitability of the examinee, the nature of the particular testing process employed, and other factors if appropriate.

28 MJ at 570.

■ At the rehearing, the military judge duly permitted a broad-ranging inquiry into the foundational attributes of polygraphy in general and of this polygraph in particular.[2] Five witnesses—all professional polygraphers—testified for the parties, effectively interchangeably, regarding the general foundational aspects of polygraphy. Perhaps not surprisingly, all of them vouched for the general scientific validity and reliability of the polygraph. Essentially, there was no contest of this point at the rehearing.

On the other hand, the reliability of the particular test given was an entirely different matter. As to this point, only Mr. Shaheen

stood for the proposition that the test was properly conducted and that the results indicated truthfulness. The remaining four polygraphers testified for the Government in opposition to admissibility of this polygraph. In sum, they challenged Shaheen's conduct of the pretest interview, the relevance and utility of the questions asked, and the conclusions drawn. In particular, several of the witnesses detected evidence in Shaheen's charts that appellant was "blocking" or employing "countermeasures." None of the government witnesses agreed with Shaheen that the charts indicated truthfulness or lack of deception. Finally, several of the government witnesses criticized Shaheen's decision even to conduct the test without medical or psychological clearance, given appellant's admission during the pretest interview that he had been suffering from depression and had taken a sleeping pill several hours earlier.

Based on the evidence before him, the military judge excluded the polygraph results on the grounds that they were "inconclusive" and not shown to be "relevant" or "helpful" to the factfinder, *citing* Mil.R.Evid. 401 and 702, Manual for Courts–Martial, United States (1995 ed.). Even if marginally relevant, the judge reasoned, Mil.R.Evid. 403 would compel their exclusion. Ultimately, based on the evidence presented on the merits, the military judge convicted appellant again of unpremeditated murder. This time the Court of Military Review affirmed the findings and the sentence in an unpublished opinion.

■ On this record, the military judge's decision to exclude the results of the polygraph is unassailable. The risk of nonpersuasion in establishing relevance (*see* Mil. R.Evid. 402) and helpfulness falls on the proponent, and appellant plainly did not overcome it here. Arguably, the judge even did appellant a favor by excluding the evidence, given the phalanx of experts prepared

---

1. See 41 MJ 213, 229 n. * (1994).

2. Mil.R.Evid. 707, Manual for Courts–Martial, United States (1995 ed.), which purports to bar from evidence "the results of a polygraph examination, the opinion of a polygraph examiner, or

any reference to an offer to take, failure to take, or taking of a polygraph examination," was not yet in effect at the time of appellant's rehearing. *See* Exec. Order No. 12767, §§ 2 and 4b, 56 Fed.Reg. 30296 and 30299 (1991); Manual, *supra* at A25–11 and A25–12.

to assert that he was employing counter-measures before and during the exam. Further, since the military judge himself was the factfinder and was personally unimpressed with the proffered evidence, receipt of it obviously would not have advantaged appellant. In any event, since appellant elected not to testify at the rehearing, it is not apparent what rule of evidence would permit receipt of these out-of-court statements offered presumably to prove the truth of the matters asserted. *United States v. Williams*, 43 MJ 348, 354–55 (1995); *see United States v. Gipson*, 24 MJ at 253.

The decision of the United States Navy–Marine Corps Court of Military Review (June 24, 1994) is affirmed.

Senior Judges EVERETT and DARDEN did not participate.

SULLIVAN, Judge (concurring in the result):

I would resolve this case on the basis of my separate opinions in *United States v. Williams*, 43 MJ 348, 356 (1995) (Sullivan, C.J., concurring in the result), and *United States v. Gipson*, 24 MJ 246, 255 (CMA 1987) (Sullivan, J., dissenting).