**Kristine S. CHATWIN, Plaintiff,**

v.

**DAVIS COUNTY, et al., Defendants.**

No. 94–C–1207C.

United States District Court,
D. Utah,
Central Division.

Aug. 1, 1996.

Robert B. Sykes, Kathleen S. Phinney, Salt Lake City, UT, for Plaintiff.

Bradley R. Helsten, Hanson, Epperson & Smith, PC, Allan Larsen, Snow, Christensen & Martineau, Salt Lake City, UT, for Defendants.

### MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

On March 22, 1996, the defendants made a motion in limine to exclude plaintiff's polygraph expert from giving evidence. The plaintiff has given notice she intends to call Gale McCurdy, a polygrapher, to show that plaintiff was telling the truth about events which allegedly occurred at the Davis County Jail on April 23, 1993 (File Entry 158). The events are the subject of plaintiff's suit under 42 U.S.C. § 1983.

The plaintiff, Kristine S. Chatwin, has sued various defendants alleging that on April 23, 1993 she was subjected to an illegal strip search at the Davis County Jail following plaintiff's arrest on a minor offense (Pl. Fourth Amended Compl., File Entry 163). The various defendants have denied liability and the positions include claims that no strip search occurred or that some defendants did not order or otherwise participate in such conduct.

The Davis County defendants filed a motion in limine to preclude plaintiff's use of expert evidence on polygraph testing and from introducing the polygraph results (File Entry # 192). The defendants allege the polygraph tests were unilateral and without notice to defendants. The tests were conducted on January 12, and 15, 1996 and were only of the plaintiff. They were performed by an experienced polygrapher. The defen-

dants contend the evidence is inadmissible under Rule 403, F.R.E. Defendants also contend to admit such evidence would be unfair because of the unilateral, no notice method of conducting the tests (File Entry # 193). Plaintiff submitted a reply memorandum in opposition to the defendant Davis County's motion in limine. In the reply memorandum the plaintiff contends the polygraph results show no deception, by plaintiff, with regard to her claim of a strip search being performed by a female guard and plaintiff being touched during the search. Plaintiff asserts polygraph evidence is not inadmissible per se. Plaintiff asserts that under an analysis of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) that the polygraph evidence is admissible. Plaintiff asserts her credibility will be attacked and that such evidence should be admitted under Rules 702 and 608(a) F.R.E. to support her credibility. The plaintiff has not provided any information from her expert as to the testing process or format or the reliability of the science of polygraphy.

The issue of the admissibility of polygraph evidence has been controversial but generally the position of the majority of courts has been one of exclusion of such evidence since the decision in *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923). For example, the Utah Supreme Court has held polygraph evidence inadmissible in the absence of a stipulation for admission by the parties. *State v. Eldredge*, 773 P.2d 29, 37 (Utah 1989); *State v. Abel*, 600 P.2d 994, 996–99 (Utah 1979); *State v. Rebeterano*, 681 P.2d 1265, 1268 (Utah 1984); Edward L. Kimball and Ronald N. Boyce, *Utah Evidence Law*, pp. 4–23, 4–27, 7–14 (1996). However, because this case is brought under 42 U.S.C. § 1983, federal rather than state law governs admissibility.

The Tenth Circuit Court of Appeals in *Marks v. United States*, 260 F.2d 377 (10th Cir.1958) considered the admissibility of polygraph/lie detector evidence in a case in which the defendant was charged with offer-

ing a bribe to an Internal Revenue Service agent. Defendant contended the agent was the person who initiated the bribe solicitation. Defendant offered evidence of the results of a lie detector test which was excluded by the trial court. The Court of Appeals upheld the exclusion of the evidence finding it did not meet the standards for admissibility under *Frye v. United States*, 293 F. 1013, 1014 (D.C.1923).

Subsequently, in *United States v. Wainwright, (Wainwright I)* 413 F.2d 796, 803 (10th Cir.1969) the court again examined the admissibility of polygraph evidence. The defendant was charged with a tax violation and sought to offer the results of a lie detector examination to show his subjective intent. *Id.* p. 802. Defendant argued that since the *Marks* decision, the state of the art of polygraph examination had improved to where it was as accurate as other forms of evidence accepted by the courts. *Id.* p. 802. The court noted the defendant had laid no evidentiary predicate that the proposed test evidence was acceptable within the profession. The court said, "The trial court properly excluded it even though in a proper case it may be admissible." *Id.* p. 803. The court indicated polygraph evidence might be admissible with proper foundation, thus modifying the position taken in *Marks*.

Thereafter, in *United States v. Rodgers*, 419 F.2d 1315 (10th Cir.1969) a defendant sought to be allowed to take a polygraph test and admit the results. The court flatly stated "we have held that the results of a lie detector test are inadmissible. The refusal of the request was not error." The court cited *Marks* and *Wainwright I* without noting the difference in the two cases and the more flexible approach in *Wainwright I*. *Rodgers* was a retreat from the more flexible *Wainwright I*.[1]

In *United States v. Russo*, 527 F.2d 1051 (10th Cir.1975) defendant sought to introduce the results of a polygraph examination. The defendant had undergone an examination at

---

1. In *Wainwright v. United States* (Wainwright II), 448 F.2d 984 (1971) the same defendant sought relief under 28 U.S.C. § 2255 and urged error because the polygraph foundation evidence was not admitted at the post conviction hearing. The court said the claim did not raise a constitutional issue and petitioner was not entitled to relief because the foundation issue was not raised at the proper time. The case did not take the same general "inadmissible" approach of *Rodgers*.

his own expense and sought to introduce the results. A pretrial request for admission was made. The trial judge indicated the evidence may be inadmissible but suggested counsel make an offer of proof. Counsel did not do so until later after the trial had commenced. The court held the belated offer of proof did not meet the standards of *Wainwright I* and the trial judge did not have to hold a hearing. The court also cited other Tenth Circuit cases, i.e. *Wainwright I* and *Rodgers,* as holding the results of lie detector polygraph results are inadmissible. *Id.* p. 1059.

In *United States v. Hunter,* 672 F.2d 815 (10th Cir.1982) defendant made a motion for a polygraph examination which was denied. Citing only *Russo,* the court said the "Tenth Circuit does not presently permit results from 'lie detector' tests to be introduced into evidence." *Id.* p. 817. Then the court went on to state:

> Before this court will consider accepting the results of such tests as evidence, a litigant will have to make a strong showing that polygraph examinations are widely perceived by the scientific community as having a reasonable measure of precision in their indications. See *United States v. Wainwright,* 413 F.2d 796, 803 (10th Cir. 1969), cert. denied, 396 U.S. 1009, 90 S.Ct. 566, 24 L.Ed.2d 501 (1970). Hunter offered no facts indicating polygraph data has attained that stature. Therefore, his motion for a polygraph examination was correctly denied.

672 F.2d at 817.

The court left the door open for admission of polygraph evidence on a proper showing. The conclusion was that polygraph evidence was inadmissible unless the proponent could show a proper foundation for admissibility.

In *United States v. Whitt,* 718 F.2d 1494 (10th Cir.1983) the defendant sought to show a government witness had failed a polygraph examination. The court said the general rule was that such evidence was inadmissible. *Id.* p. 1501. Defendant suggested an exception should apply because the examination was part of a plea agreement with the govern-

ment witness which the prosecution had offered into evidence. Defendant contended the restriction on examination denied confrontation. The court acknowledged unfairness but the exclusion was found to be harmless. *Whitt* did not add to the case law on the issue of admissibility of polygraph evidence.

A major decision on polygraph evidence is *United States v. Hall,* 805 F.2d 1410 (10th Cir.1986). The court held a detective could testify to defendant's failure of a polygraph test for the limited purpose of explaining the detective's failure to conduct a more complete investigation. The court citing the prior decisions of the Circuit said polygraph tests "are not admissible to show that one is truthful." The court explained its reason:

> This is so because of the belief that the reliability of such tests is yet in doubt, although it has been noted that, in a proper case, the evidence might be admissible.

805 F.2d at 1416.

The court noted decisions from other circuits where polygraph evidence was admitted in confession dispute cases. *Tyler v. United States,* 193 F.2d 24 (D.C.Cir.1951) (to show circumstances of a confession); *United States v. Kampiles,* 609 F.2d 1233 (7th Cir. 1979) (extent to which polygraph precipitated confession where coercion was alleged). The court in *Hall* observed that defense counsel had full knowledge of and access to the polygraph reports. The case supports some limited admissibility of polygraph evidence.

Subsequently, *United States v. Soundingsides,* 820 F.2d 1232 (10th Cir.1987) the court considered a situation where during a witness's testimony the witness and government counsel referred to a polygraph examination given to the witness. The defendant contended the evidence suggested the witness should not be believed. The court said evidence that a witness has taken a polygraph test is inadmissible. *Id.* p. 1241. Citing *Hall* the court said that such evidence is not admissible to show one is truthful. The court held the evidence inadmissible to "contradict the witness." *Id.* p. 1242.[2]

2. See also *United States v. Tsosie,* 986 F.2d 1431 (10th Cir.1993) (unpublished) 1993 WL 34780

In *Palmer v. City of Monticello,* 31 F.3d 1499 (10th Cir.1994) a police officer brought a civil rights suit alleging wrongful termination. The defendants sought to introduce evidence that polygraph tests had been performed as a part of the basis for termination. The offer was an operative fact surrounding the decision to terminate plaintiff. The court said "The general rule is that polygraph results are inadmissible." The court cited *Whitt* and *Soundingsides,* it did not refer to *Hall* or other Tenth Circuit cases, taking a less rigid view. However, the court said the fact that a polygraph test was conducted, apart from the results, may be admissible if relevant. *Id.* p. 1506. Even then it could be excluded if it would invite the jury to draw "improper inferences." *Id.* The Court of Appeals found no abuse of discretion in the exclusion of the evidence as more prejudicial than probative.

Most recently in *United States v. Chaney,* 82 F.3d 427 (10th Cir.1996) (unpublished) 1996 WL 187515, the trial judge relied on the results of a polygraph examination in imposing restitution against defendant. The evidence was not the sole evidence the trial judge relied on. The court held the trial judge, in imposing sentence, could rely on evidence not admissible at trial. The court said the trial judge's action did not constitute an abuse of discretion.

Although decisions of the Tenth Circuit vary somewhat in emphasis and circumstances, a number of general principles can be found. (1) Polygraph evidence is generally not admissible. (2) Polygraph evidence may be admitted if there is particular relevance to such evidence, such as to explain conduct or as an operative fact. (3) Evidence of the results of polygraph evidence is inadmissible to prove truth or apparently credibility of the examiner, although then not entirely clear. (4) Polygraph evidence may be admitted in instances other than the trial when the Rules of Evidence do not apply. (5) In order for polygraph evidence to be admitted the proponent must lay sufficient foundation to establish its reliability. Obviously, the opinions in this Circuit have not addressed or resolved all the issues as to admissibility of polygraph evidence.

Plaintiff's position is that *Daubert v. Merrell Dow Pharmaceuticals,* supra, has changed the position that the courts are obligated to take as to admissibility of polygraph evidence. Plaintiff contends the *Daubert* standard for admissibility of scientific evidence should be applied to polygraph evidence and the results of the plaintiff's polygraph test admitted. It should be observed that in *Wainwright I* and *Hunter,* and the other Tenth Circuit cases discussed above, the court does not refer to any other standard than that applied in *Frye,* which was rejected in *Daubert* as controlling the admission of scientific evidence. Therefore, there is some merit to plaintiff's contention and it may be that the Tenth Circuit would modify its position on the admissibility of polygraph evidence in light of *Daubert.* Two district court cases in this circuit have addressed the admissibility of polygraph testimony after *Daubert.* In *Miller v. Heaven,* 922 F.Supp. 495 (D.Kan.1996) the plaintiff arrestee brought a civil rights suit under 42 U.S.C. § 1983 against a police officer alleging officer's use of excessive force and the violation of plaintiff's right to free speech. The plaintiff tendered the results of polygraph examinations taken by the plaintiff. The court said *Daubert* and Rule 702, F.R.E., not *Frye* governed the admissibility of polygraph evidence. Relevance and reliability are the standards. The scientific methodology of the polygraph examination must be analyzed to determine if the polygraph evidence would assist the jury. In making that determination the multiple factors set out in *Daubert* for determining the reliability of scientific evidence must be utilized. The court found the exclusion of the polygraph evidence to be proper. Plaintiff had offered the evidence as relevant to the rehabilitation of plaintiff as a witness. *Id.* p. 500.[3] Other arguments for admissibility were also urged. The court concluded that the polygraph examiner was unable to articulate with sufficient precision the reasons for the instrument's reliability or the manner of performing the examination.

(admissibility of polygraph evidence is limited to a purpose unrelated to truthfulness).

3. The same argument is asserted by plaintiff in this case.

*Id.* pp. 503–504. The court found the probativeness was outweighed by the potential for prejudice. The *Miller* court's analysis, as well as reference to Tenth Circuit precedent, suggests the court did not believe it was bound by Tenth Circuit case law in light of *Daubert.*

In *United States v. Galbreth*, 908 F.Supp. 877 (D.N.M.1995), a tax evasion prosecution, Judge Vasquez in a thorough and informative opinion, concluded that defendant's polygraph evidence could be admitted.[4] The court applied the *Daubert* standard and made an exhaustive analysis of the factors relevant to the scientific reliability of the instrument and the process. Special emphasis was placed on the technique and the examination procedures. The court concluded the examination had greater probativeness than the possible prejudicial effect. The examination was performed by Dr. David Raskin, a professor of psychology at the University of Utah and one of the nation's foremost authorities in the area of polygraphy.[5] In the court's opinion, it noted the status of Tenth Circuit precedent and the fact that the Court of Appeals had left open the admissibility of polygraph evidence if a proper foundation was shown. 908 F.Supp. at 879.

The court in *Galbreth* proceeded to carefully scrutinize the relevant factors of polygraph examination technique. The analysis need not be reproduced, but it is a paradigm on the consideration of the scientific validity of the polygraph and the technique of the examiner in making an admissibility determination. See also David C. Raskin, *The Polygraph in 1986: Scientific Professional and Legal Issues Surrounding Application and Acceptance of Polygraph Evidence,* 1986

Utah L.Rev. 29; John Kirchner and David C. Raskin, *Polygraph Techniques: History Controversies, and Prospects,* in Peter Suedfeld and Phillip Tetlock, *Psychology and Social Policy,* 295 (1992); Andre A. Molnssens, James E. Starrs, Carol F. Henderson, Fred E. Inbau, *Scientific Evidence in Civil and Criminal Cases,* 4th Ed (1995) Chap. 20 p. 1195 et seq. After an exhaustive consideration of various factors, the *Galbreth* court concluded that the polygraph results should be admitted. The plaintiff, in her reply to defendants' motion to exclude, has not submitted anything akin to the exhaustive evidence presented to the court in *Galbreth.*[6]

Prior to *Daubert,* several courts had considered the admissibility of polygraph evidence and most courts excluded such evidence absent a stipulation. John E. Reid and Fred E. Inbau, *Truth and Deception: The Polygraph ("Lie Detector") Technique* (2d Ed.1977) pp. 309–393, e.g. Paul C. Gionnelli and Edward J. Imwinkelried, *Scientific Evidence,* 2d ed § 8–3(A) p. 232 n. 89 (1993); 3A *Wigmore Evidence,* § 999 (Chadbourn Rev.1970); e.g. *State v. Valdez,* 91 Ariz. 274, 371 P.2d 894 (1962) (polygraph admissible on stipulation); *People v. Leone,* 25 N.Y.2d 511, 307 N.Y.S.2d 430, 255 N.E.2d 696 (1969) (inadmissible). However, the general rule of exclusion was rejected in a few jurisdictions. *State v. Dorsey,* 88 NM 184, 539 P.2d 204, 205 (1975);[7] *Commonwealth v. Juvenile (No. 1),* 365 Mass. 421, 313 N.E.2d 120 (1974); *Witherspoon v. Superior Court,* 133 Cal. App.3d 24, 183 Cal.Rptr. 615 (1982).[8]

Federal courts modified the general resistance to exclusion. (See Tenth Circuit discussion above). Of significance is the Eleventh Circuit's opinion in *United States v.*

---

4. The evidence was not admitted as the charges were dismissed.

5. This court is fully aware of Dr. Raskin and considers him to have exceptional expertise in all aspects of polygraphy. Dr. Raskin's field of endeavor is psychophysiology.

6. A similar result to *Galbreth* was reached in *United States v. Crumby,* 895 F.Supp. 1354 (D.Ariz.1995) where Dr. Raskin was also the expert witness in that case. The court in *Crumby* concluded the Ninth Circuit general rule of exclusion, *Brown v. Darcy,* 783 F.2d 1389, 1394

(9th Cir.1986), should be reconsidered in light of *Daubert.*

7. SCRA 11–707 (1991) now allows polygraph evidence.

8. *Witherspoon,* was essentially overruled in California by the legislative enactment of Cal.Evid. Code § 351.1. See *People v. Kegler,* 197 Cal. App.3d 72, 242 Cal.Rptr. 897 (1987). The California Supreme Court noted a constitutional issue on the rule's exclusion of polygraph evidence in *People v. Fudge,* 7 Cal.4th 1075, 31 Cal.Rptr.2d 321, 875 P.2d 36, 64 (1994).

*Piccinonna,* 885 F.2d 1529 (11th Cir.1989). The court thoroughly canvassed the judicial decisions and literature on the polygraph. *Id.* p. 1532–35. The court abandoned the per se rule of inadmissibility of polygraph evidence and held such evidence admissible on stipulation[9] or to impeach or corroborate a witness's testimony in a criminal case.

The Court of Military Appeals[10] in *United States v. Gipson,* 24 M.J. 246 (CMA1987) held that rule 702, Mil.Rules of Evid., did not incorporate *Frye.* The court observed the general acceptance of polygraph evidence in a variety of sectors in society. The court also determined that the courts-martial members could adequately evaluate such evidence. The court said polygraph evidence could be admitted on whether the examinee told the truth during the examination. The offer would be accepted to impeach or corroborate. See *United States v. Abeyta,* 25 M.J. 97, 98 (CMA1987); *United States v. West,* 27 M.J. 223, 225 (CMA1988). In July 1991 Rule 707, Mil.Rules of Evid. (MRE) was adopted precluding admission of polygraph evidence and essentially rejecting *Gipson.* However, the military courts of criminal appeals have split over the constitutionality of Rule 707, MRE[11] and the Court of Appeals of the Armed Forces has not resolved the issue. See *United States v. Williams,* 43 M.J. 348 (Ct.App.Armed Forces 1995). One judge of the now Court of Appeals of the Armed Forces has acknowledged a constitutional issue as to Rule 707, MRE. *United States v. Rodriguez,* 37 M.J. 448 (CMA1993). The Court of Appeals of the Armed Forces still requires the evidence to be relevant and helpful. *United States v. Berg,* 44 M.J. 79 (Ct.App.Armed Forces 1996).

The Seventh Circuit has apparently left the matter to the judgment of trial judges and has not adopted a Circuit rule. *United States v. Smith,* 869 F.2d 348, 353 (7th Cir. 1989); *Mars v. United States,* 25 F.3d 1383, 1384 (7th Cir.1994). The obvious concern for that approach is the possible whimsical nature of the application of the rule.

After *Daubert,* the Fifth Circuit modified its position on the admissibility of polygraph evidence. *United States v. Posado,* 57 F.3d 428 (5th Cir.1995). The court rejected a per se rule of inadmissibility. The court set forth some of its concerns and said: "... we do not now hold that polygraph examinations are scientifically valid or that they will always assist the trier of fact ... we merely remove the obstacle of the per se rule against admissibility, which was based on antiquated concepts about the technical ability of the polygraph and legal precepts also indicated that in determining whether such evidence should be admitted, *Daubert* may "mandate an enhanced role for Rule 403 ..." *Id.* p. 435.

In a recent case, *United States v. Pettigrew,* 77 F.3d 1500 (5th Cir.1996) the court held the expert polygrapher's questioning of the examinee was not sufficiently relevant to the inquiry to support admission. Further, the government was not afforded an opportunity for participation in the examination. The trial court had not held a 104(a) F.R.E. hearing. The court concluded that the trial court's exclusion was proper, although the court was critical of the absence of a trial court hearing on the issue.

In *United States v. Kwong,* 69 F.3d 663 (2d Cir.1995) the trial court excluded polygraph evidence. The court said polygraph evidence must be reliable and relevant. The court implied *Daubert* required evaluation of admissibility of polygraph evidence by its standards. *Id.* p. 668. However, the court found the examiner's questions "inherently ambiguous" and that the evidence would not assist the jury. The court also was unwilling to go as far as *Posado,* supra. *Kwong* appeared to conclude the evidence was not reliable and therefore not relevant.

---

9. The Tenth Circuit has never directly ruled on the admissibility of stipulated polygraph evidence. It is difficult to see how a stipulation enhances the reliability of the evidence.

10. Now the Court of Appeals of the Armed Forces.

11. The Air Force Court of Criminal Appeals has ruled MRE 707 to be within the President's constitutional authority and not to offend the Constitution. *United States v. Scheffer,* 41 M.J. 683 (AFCT Cr.App.1995). The Army Court of Criminal Appeals has held Rule 707 to be unconstitutional as applied in the case involved. *United States v. Williams,* 39 M.J. 555 (ACMR1994).

The Sixth Circuit in *United States v. Sherlin,* 67 F.3d 1208, 1216 (6th Cir.1995) did not critically analyze *Daubert's* effect on the admissibility of polygraph evidence, but upheld exclusion of a unilateral examination under Rule 403, F.R.E. The court in *Conti v. Commissioners of Internal Revenue,* 39 F.3d 658 (6th Cir.1994) stated, in reviewing a ruling of the Tax Court excluding the results of polygraph tests of the taxpayers, that unilateral polygraph evidence is almost never admissible under Rule 403, F.R.E. *Id.* p. 663.

Several years ago the author of this ruling observed:

It is unfortunate that some courts have seen fit to summarily reject polygraph testimony without making a satisfactory and diligent inquiry into the question of whether there is sufficient reliability to such evidence to warrant its being considered by a jury.

Ronald N. Boyce, *Judicial Recognition of Scientific Evidence in Criminal Cases,* 8 Utah L.Rev. 313, 326 (1963–64).

It appears federal and state courts are moving towards this standard. *Daubert,* supra, requires that polygraph evidence be assessed for admissibility under its standards of reliability and relevance. *Daubert* requires some modification of the Tenth Circuit position of general inadmissibility. The Tenth Circuit's opinion in *Wainwright I* is somewhat compatible with the *Daubert* requirement, at least in general terms. *Daubert* requires a less rigid standard than that expressed by the Tenth Circuit in some cases. The proponent of the evidence will have to show the reliability of the polygraph and the reliability of the examination. Absent a request for a 104(a), F.R.E. hearing, unilateral polygraph results should be excluded and may be excluded if the unilateral process would be unfair. In this case, plaintiff, in response to defendants' motion in limine, has not made a showing for reliability of the polygraph on plaintiff's examination by the polygrapher. The evidence should be excluded on that basis.

*Daubert* and Rule 401, F.R.E. require the evidence to be relevant. It must "fit" the issue at hand. The Tenth Circuit has said polygraph evidence should not be admitted for truth.[12] If that means is substantive evidence that the event was as the examinee contends or against such contention, the conclusion is obviously correct. The evidence is only proof of how the examinee reacted during the test not the event itself. If such evidence has any value, it is as it may bear on the credibility of the examinee. However, the Tenth Circuit has cast doubt on the use of polygraph evidence for such a purpose, *United States v. Hall,* supra; *United States v. Soundingsides,* supra; *United States v. Tsosie,* supra, although other federal courts have found polygraph evidence admissible to impeach or corroborate. *United States v. Piccinonna,* supra, *United States v. Gipson,* supra. See also *Bartholomew v. Wood,* 34 F.3d 870, 873–74 (9th Cir.1994) (failure to disclose that a key prosecution witness had failed a polygraph test violated requirements of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) even if the evidence would be inadmissible).

Rule 608(a) F.R.E. allows the credibility of a witness to be attacked or supported by opinion evidence as to character for truthfulness. An expert opinion might be used, in a proper case with proper foundation, to give such an opinion. e.g. *United States v. Hiss,* 88 F.Supp. 559 (S.D.N.Y.1950). The witness only gives his or her opinion. If a polygrapher gave such an opinion the witness may have to disclose the results of the examination, which is not necessarily compatible with Rule 608(a) and would raise a serious basis for exclusion under Rule 403, F.R.E. However, the question of the use of such evidence, in this case, awaits another day since plaintiff has not shown an adequate basis for admissibility.

*Conclusion*

Therefore, **IT IS HEREBY ORDERED** the defendants' motion in limine to exclude

---

**12.** In *Hall,* supra, the court said the evidence should not be admitted for the truth because the polygraph was unreliable. In *Soundingsides,* supra, the court simply stated such evidence should not be admitted to show one is truthful.

plaintiff's evidence of her polygraph examination is granted.